FILED
MISSOULA, MT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**   2006 SEP 21  AM 9 13

**MISSOULA DIVISION**

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

ADRIENNE UPSHAW,                      Cause No. CV-05-204-M-JCL

        Plaintiff,

vs.                                   FINDINGS AND RECOMMENDATION OF
                                      UNITED STATES MAGISTRATE JUDGE
MISSOULA COUNTY REGIONAL JAIL,
CAPTAIN ON DUTY,
OFFICER BOE,

        Defendants.

Currently pending before the Court is Plaintiff's Civil
Rights Complaint (Document 1).  Plaintiff alleges she was
discriminated against, subjected to cruel and unusual punishment,
neglected, denied her rights, and had her mental and physical
health jeopardized as a result of being denied toilet paper for
approximately a day and a half while incarcerated in the Missoula
County Detention Facility.  She is seeking $300,000 for pain and
mental anguish.

**I. Preliminary Screening of the Allegations of the Complaint**

Pursuant to the federal statute governing proceedings in
forma pauperis, federal courts must engage in a preliminary
screening of cases to assess the merits of the claims.  28 U.S.C.
§ 1915(e)(2); 28 U.S.C. § 1915A; see also Franklin v. Murphy, 745
F.2d 1221, 1226-27 (9th Cir. 1984).  The court must identify

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

cognizable claims, or dismiss the complaint, or any portion of
the complaint, if the complaint is frivolous, malicious, or fails
to state a claim upon which relief can be granted, or if the
complaint seeks monetary relief from a defendant who is immune
from such relief.   Id.

## II.  Parties

Plaintiff Adrienne Upshaw is incarcerated at the Montana
Women's Prison in Billings, Montana.  She was incarcerated at the
Missoula County Detention Facility at the time the events alleged
in her complaint occurred.

The named Defendants are the Missoula County Regional Jail,
the Captain on duty at the Missoula County Regional Jail in
September 2003 and Officer Boe from the Missoula County Regional
Jail.

## III.  Plaintiff's Allegations

Plaintiff alleges that in September 2003 she was
incarcerated in solitary confinement in the Missoula County
Regional Jail.  As she was cleaning her cell she misplaced her
toilet paper.  Apparently, the rule at the jail was that you need
the cardboard roll in order to obtain more toilet paper.  When
the officer came around Ms. Upshaw did not have her cardboard
roll.  The next day she asked for some toilet paper from Officer
Bo and another officer.  Officer Bo laughed and told her to use
her towel.  While some other inmates provided her with some

toilet paper, that paper ran out and she had to use her towel all night and the next morning.  When she explained the situation to another officer the next day, she had to pick up the towel without gloves in order to obtain some more toilet paper.

## IV.  **Analysis**

"[O]nly the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment under the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (internal quotation marks omitted); see also Farmer v. Brennan, 511 U.S. 825, 832, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (concluding that a sufficiently serious deprivation must result in the denial of "the minimal civilized measure of life's necessities" such as shelter, sanitation, food, personal safety, medical care, and clothing) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

Although the conditions of Upshaw's confinement may have been uncomfortable and somewhat unsanitary, those conditions did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. See Harris v. Fleming, 839 F.2d 1232, 1234-36 (7th Cir. 1988) (finding no Eighth Amendment violation when prison officials failed to provide a prisoner with toilet paper for five days, and soap, a toothbrush, and toothpaste for ten days).  The Court acknowledges that some courts have considered

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

hygiene items such as toothpaste, soap and toilet paper to be "minimal necessities of civilized life." <u>See</u>, <u>e.g.</u> <u>Carver v. Bunch</u>, 946 F.2d 451, 452 (6th Cir. 1991); <u>Chandler v. Baird</u>, 926 F.2d 1057, 1065 (11th Cir. 1991) (same). However, the denial of toilet paper for a little more than a day, without more, simply does not rise to the level of an Eighth Amendment violation.

Moreover, there is no allegation that Plaintiff suffered any physical harm as a result of the denial of toilet paper. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than de minimis." <u>Oliver v. Keller</u>, 289 F.3d 623, 627 (9th Cir. 2002).

Therefore, it is this Court's finding that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Plaintiff's Complaint (Document 1) should be **DISMISSED WITH PREJUDICE.**

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

2.  The Court should direct the Clerk of Court to make the docket reflect that this dismissal counts as a strike pursuant to 42 U.S.C. § 1915g on the grounds that the Complaint was frivolous and failed to state a claim upon which relief could be granted.

3.  Plaintiff shall notify the Court immediately if her address changes.  Failure to do so may be cause for dismissal of this case without further notice.

DATED this _20th_ day of September, 2006.

_____
Jeremiah C. Lynch
United States Magistrate

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5