FILED
MISSOULA, MT

2006 OCT 20 PM 3 49

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ADREINNE UPSHAW, | ) | CV 05-204-M-JCL |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MISSOULA COUNTY REGIONAL JAIL, CAPTAIN ON DUTY, OFFICER BOE, | ) | |
| Defendants. | ) | |

Plaintiff Upshaw has filed a Complaint under 42 U.S.C. § 1983 alleging violations of her Eighth Amendment rights stemming from an incident in which she was denied toilet paper for one and a half days while in solitary confinement at the Missoula County Detention Facility. She seeks an award of $300,000.00 for pain and mental anguish.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. §

1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Lynch issued Findings and Recommendations on September 21, 2006, in which he recommends dismissal of the Complaint for failure to state a claim upon which relief can be granted. Judge Lynch based his decision on the fact that the deprivation was not of such length as to cause unacceptably unsanitary conditions, and the fact that the Plaintiff alleged no physical harm, the presence of which is a prerequisite to recovery for mental or emotional injury. See 42 U.S.C. § 1997e(e). Plaintiff Upshaw did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Lynch's Findings and Recommendations (Doc. No. 5) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is

DISMISSED WITH PREJUDICE for failure to state a claim.[1]

IT IS FURTHER ORDERED that Plaintiff Upshaw's filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g).

DATED this 25 day of October, 2006.

/s/ Donald W. Molloy
Donald W. Molloy, Chief Judge
United States District Court

---

[1] Plaintiff Upshaw's Complaint also alleges a state law personal injury claim over which this Court declines to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3).

-3-